## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **XAVIER HARPER,**<br>**Plaintiff** | § <br> § <br> § | |
| **vs.** | § <br> § | **CIVIL ACTION NO. 3:17-cv-1691**<br>**JURY** |
| **LOGGINS LOGISTICS, INC.,**<br>**HIGHWAY EQUIPMENT &**<br>**LEASING, LLC AND JOHN G.**<br>**MARSHALL, III**<br>     **Defendants.** | § <br> § <br> § <br> § <br> § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES, XAVIER HARPER, Plaintiff, and files this his Original Complaint against LOGGINS LOGISTICS, INC., HIGHWAY EQUIPMENT & LEASING, LLC and JOHN G. MARSHALL, III, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1.    This action arises as a result of an automobile accident which injured XAVIER HARPER on or about July 13, 2015.

### PARTIES

2.    XAVIER HARPER is an individual who resides in the State of Texas.

3.    LOGGINS LOGISTICS, INC. is a corporation organized in the State of Arkansas and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its registered agent, Jeff Loggins, 5706 Commerce Square, Jonesboro, Arkansas 72401.

4.   HIGHWAY EQUIPMENT & LEASING, LLC is a limited liability company organized in the State of Arkansas and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its registered agent, Jeff Loggins, 5706 Commerce Square, Jonesboro, Arkansas 72401.

5.   JOHN G. MARSHALL, III is an individual who resides at 2531 Highway 355 South, Hempstead, Arkansas 71838 and may be served with the summons and complaint at this address.

JURISDICTION AND VENUE

6.   Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

7.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

FACTUAL BACKGROUND

8.   On or about July 13, 2015, XAVIER HARPER was operating a 2006 Buick Lucerne in a careful and prudent manner, traveling westbound in the inside lane on Interstate 30 in Fate, Rockwall County, Texas.  Defendant JOHN G. MARSHALL, III was driving a 2006 Freightliner tractor and towing a trailer owned by Defendant LOGGINS LOGISTICS, INC. and/or HIGHWAY EQUIPMENT & LEASING, LLC in the course and scope of his employment with Defendant LOGGINS LOGISTICS, INC. and/or HIGHWAY EQUIPMENT & LEASING, LLC.  Defendant JOHN G. MARSHALL, III was traveling westbound in the outside lane on Interstate Highway 30.  Suddenly and without warning, Defendant JOHN G. MARSHALL, III began to change lanes when

unsafe from the outside lane to the inside lane and struck Plaintiff's vehicle, subjecting the Plaintiff to tremendous force.

9.     At the time of the occurrence, Defendant JOHN G. MARSHALL, III was in the course and scope of his employment with Defendant LOGGINS LOGISTICS, INC. and/or HIGHWAY EQUIPMENT & LEASING, LLC.

NEGLIGENCE AND NEGLIGENCE PER SE

10.    Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

11.    Defendant JOHN G. MARSHALL, III was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

A.     Violating Section 545.060 of Vernon's Texas Statutes and Codes, Annotated, Transportation Code, which reads in pertinent part:

(i)     An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1)     Shall drive as nearly as practical entirely within a single lane; and

(2)     May not move from the lane unless that movement can be made safely.

B.     Failing to keep a proper lookout;
C.     Failing to timely apply his brakes.
D.     Failing to control the vehicle.
E.     Failing to act and/or respond in a reasonable manner.
F.     Failing to control the speed of the vehicle.

12.    The foregoing acts of negligence and negligence per se by JOHN G. MARSHALL, III, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiff.

13.   At the time and on the occasion in question, and immediately prior thereto, Defendant LOGGINS LOGISTICS, INC. committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

14.   The independent acts of negligence of Defendant LOGGINS LOGISTICS, INC., include but are not limited to, the following:

    A.   Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

    B.   Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

    C.   Failing to properly train its driver.

15.   At the time and on the occasion in question, and immediately prior thereto, Defendant HIGHWAY EQUIPMENT & LEASING, LLC committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiff.

16.   The independent acts of negligence of Defendant HIGHWAY EQUIPMENT & LEASING, LLC, include but are not limited to, the following:

    A.   Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

    B.   Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

    C.   Failing to properly train its driver.

17.   Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiff.

## RESPONDEAT SUPERIOR

18.   Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

19.   Defendant LOGGINS LOGISTICS, INC. is liable for the damages proximately caused to Plaintiff by the conduct of Defendant JOHN G. MARSHALL, III in that Defendant LOGGINS LOGISTICS, INC. was the employer of Defendant JOHN G. MARSHALL, III on the date that Defendant JOHN G. MARSHALL, III negligently injured Plaintiff, as alleged above, and Defendant JOHN G. MARSHALL, III was acting within the course and scope of that employment when that injury occurred or Defendant LOGGINS LOGISTICS, INC. had the right to control the activities of JOHN G. MARSHALL, III.

20.   Defendant HIGHWAY EQUIPMENT & LEASING, LLC is liable for the damages proximately caused to Plaintiff by the conduct of Defendant JOHN G. MARSHALL, III in that Defendant HIGHWAY EQUIPMENT & LEASING, LLC was the employer of Defendant JOHN G. MARSHALL, III on the date that Defendant JOHN G. MARSHALL, III negligently injured Plaintiff, as alleged above, and Defendant JOHN G. MARSHALL, III was acting within the course and scope of that employment when that injury occurred or Defendant HIGHWAY EQUIPMENT & LEASING, LLC had the right to control the activities of JOHN G. MARSHALL, III.

## NEGLIGENT ENTRUSTMENT

21.   Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

22.   At the time and on the occasion in question, and immediately prior thereto, Defendant LOGGINS LOGISTICS, INC. was guilty of negligent entrustment and knew or should have known that Defendant JOHN G. MARSHALL, III was a negligent and reckless driver.

23.   At the time and on the occasion in question, and immediately prior thereto, Defendant HIGHWAY EQUIPMENT & LEASING, LLC was guilty of negligent entrustment and knew or should have known that Defendant JOHN G. MARSHALL, III was a negligent and reckless driver.

### NEGLIGENT UNDERTAKING

24.   Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

25.   Defendants or their agents undertook, either gratuitously or for their own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles.  Defendants knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiff's protection.  Defendants failed to exercise reasonable care in performing those obligations.  Plaintiff relied on Defendants' performance, and Defendants' performance increased Plaintiff's risk of harm.

### DAMAGES TO XAVIER HARPER

26.   Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

27.   As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, XAVIER HARPER was caused to suffer and to

endure anxiety, pain, and illness.  Consequently, XAVIER HARPER is entitled to the following items of damages:

A.  Reasonable and necessary medical care and expenses in the past;

B.  Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C.  Physical pain and suffering in the past;

D.  Physical pain and suffering which, in reasonable probability, will be incurred in the future;

E.  Mental anguish in the past;

F.  Mental anguish which, in reasonable probability, will be incurred in the future;

G.  Physical impairment in the past;

H.  Physical impairment which, in reasonable probability, will be suffered in the future;

I.  Physical disfigurement in the past;

J.  Physical disfigurement which, in reasonable probability, will be suffered in the future;

K.  Loss of earning capacity in the past; and

L.  Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## GROSS NEGLIGENCE

28.  Plaintiff adopts the allegations of the above-numbered paragraphs and incorporates the same where relevant.

29.  Defendants committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiff and the damages of Plaintiff, and for which Plaintiff is entitled to recover punitive damages.

<u>JURY DEMAND</u>

30.     Plaintiff requests a trial by jury.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiff recover the following:

A.     Actual damages;

B.     Post-judgment interest as allowed by Federal law;

C.     Court costs, fees and other expenses; and

D.     Other and further relief to which Plaintiff may be entitled.


Respectfully submitted,

**GOUDARZI & YOUNG, L.L.P.**
P.O. Drawer 910
Gilmer, Texas 75644
Telephone:  (903) 843-2544
Facsimile:   (903) 843-2026


By: /s/ Brent Goudarzi

Brent Goudarzi
Texas Bar No. 00798218
Marty Young
Texas Bar No. 24010502
Geoffrey G. Hoover
Texas Bar No. 24074437
Kristina Pierce Joseph
Texas Bar No. 24050844
John C. Hull
Texas Bar No. 24050791

goudarziyoung@goudarzi-young.com
ATTORNEYS FOR PLAINTIFF

JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Harper, Xavier | Loggins Logistics, Inc., Highway Equipment & Leasing, LLC and John G. Marshall, III |

**(b)** County of Residence of First Listed Plaintiff   Titus
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GOUDARZI & YOUNG, LLP
P.O. DRAWER 910, GILMER, TEXAS 75644

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)

Brief description of cause:
MOTOR VEHICLE ACCIDENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE

DOCKET NUMBER

DATE
06/27/2017

SIGNATURE OF ATTORNEY OF RECORD
/s/ Brent Goudarzi

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE